UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VICTOR PUIG, individually
and on behalf of all others
similarly situated,

      Plaintiff,

v.                     Case No: 2:23-cv-856-JES-NPM

SAZERAC COMPANY, INC.,

      Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss or, in the Alternative, to Stay (Doc. #15) filed on January 8, 2024. Plaintiff filed a Response in Opposition to Motion (Doc. #20) on January 29, 2024, and defendant filed a Reply (Doc. #23) with leave of Court.

Defendant seeks dismissal of the claim for violations of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA) as implausible, barred by its safe harbor provision, and not pled with particularity (Count I); dismissal of the false and misleading advertising claim as insufficient because no material misrepresentations are identified and it is implausible (Count II); dismissal of the fraud claim as implausible and not pled with particularity (Count III); and dismissal of the unjust enrichment claim as a matter of law because it is based on the same factual

predicate as the other claims (Count IV). Alternatively, defendants seek to dismiss or stay the action under the first-filed rule.

In a footnote in the Response to the motion to dismiss, plaintiff "withdraws her claims for common-law fraud and unjust enrichment." (Doc. #20, p. 7 n.1.) Plaintiff also asks for alternative relief to file an Amended Complaint. (Id., p. 24.)

Under Rule 41(a)(1)(A), a plaintiff may dismiss an action without a court order by filing a notice of dismissal "before the opposing party serves either an answer or a motion for summary judgment" or by "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(i), (ii). "A plain reading reveals that the Rule does not authorize the voluntary dismissal of individual claims; rather, the Rule requires that a plaintiff dismiss the entire action." In re Esteva, 60 F.4th 664, 675 (11th Cir. 2023). See also Perry v. Schumacher Grp. of Louisiana, 891 F.3d 954, 958 (11th Cir. 2018) ("There is no mention in the Rule of the option to stipulate dismissal of a portion of a plaintiff's lawsuit—e.g., a particular claim—while leaving a different part of the lawsuit pending before the trial court."). "Our cases make clear that a voluntary dismissal purporting to dismiss a single claim is invalid, even if all other claims in the action have already been resolved. The lower court still must address or otherwise dispose of the claim

in some manner." Rosell v. VMSB, LLC, 67 F.4th 1141, 1144 (11th Cir. 2023) (internal quotation marks and citations omitted). "Litigants who wish to dismiss, settle, or otherwise resolve less than an entire action can ensure that they receive a final judgment on the remainder of their claims . . . by seeking partial final judgment under Rule 54(b) from the district court, or by amending their complaints under Rule 15." Id. The Court will deny the motion to dismiss as moot and allow plaintiff to amend the complaint. Fed. R. Civ. P. 15(a)(2).

In response to the request to stay, plaintiff simply argues that not all factors are met. "Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005) (citations omitted). "A first-filed analysis looks to the character of the suits and the parties to the suits, not simply to the similarity of issues without regard to the identity of the parties asserting them and their asserted rights as presented in the initial lawsuit." Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa., 713 F.3d 71, 79 (11th Cir. 2013). It is not immediately clear that the rule applies even if "Plaintiff has directly copied large swatch of the complaint in the New York Actions." (Doc. #15, p. 3.)

The New York Second Consolidated Amended Class action Complaint (Doc. #15-1) does not involve the same plaintiffs and is based on violations of two New York statutes.  A suit is also pending in California with similar claims alleged in this case.  See McKay v. Sazerac Co., Inc., No. 23-CV-00522-EMC, 2023 WL 3549515, at *1 (N.D. Cal. May 17, 2023).  Another action was pending in the Southern District of Florida but voluntarily dismissed.  Smith v. Sazerac Co., Inc., No. 2:23-cv-80876-DMM (S.D. Fla. 2023).  The only commonality is the issue of defendant's labeling of Fireball Malt as misleading to a purchaser believing they were buying Fireball Cinnamon Whisky.  Nonetheless, the Court need not decide the issue until after plaintiff amends the operative pleading.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss or, in the Alternative, to Stay (Doc. #15) is **DENIED** as moot and plaintiff may file an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___8th___ day of March 2024.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:  Parties of record

4