## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

VICTOR PUIG, individually and on
behalf of all others similarly situated,

        Plaintiff,

   vs.

SAZERAC COMPANY, INC.,

        Defendant.

Civil No. 2:23-cv-00856-JES-NPM

**CLASS ACTION**

### PLAINTIFF'S MOTION TO STAY PENDING
### RULE 23(f) APPEAL IN RELATED ACTION

Plaintiff Victor Puig respectfully moves to stay all proceedings in this case pending the

Ninth Circuit Court of Appeals' resolution of the pending Rule 23(f) appeal in a related action:

*Myers v. Sazerac Company, Inc.*, No. 25-1243 (9th Cir.).

### FACTS

This case is one of three virtually identical class actions challenging Defendant's sale of

a malt liquor beverage disguised with the trade dress of Defendant's popular Fireball Whiskey

brand.

In *Myers et al v. Sazerac Co., Inc.*, No. 3:23-cv-522-EMC ("*Myers*"), pending in the

Northern District of California, the district court on February 12, 2025, certified a class of

California purchasers of Defendant's "Fake Fireball" product.

On July 31, 2025, the Ninth Circuit granted Defendant's Rule 23(f) Petition for

permission to appeal the district court's order granting class certification in *Myers*.

Plaintiff's deadline to move for class certification and disclose expert witness reports in this case was on August 8, 2025. On August 7, 2025, this Court denied Plaintiff's motion to extend those deadlines by forty-five days and ordered Plaintiff to move for class certification and disclose expert witness reports. ECF No. 59.

The Court's Order stated that "[t]his order should not be read as suggesting that we would not be amenable to a stay of this action pending the 9th Circuit's review of the class certification order in the *Myers* case." *Id.*

Plaintiff now respectfully moves for an order staying this action pending appellate review of the class certification decision in *Myers* in order to conserve resources of the parties and the Court while issues that will be central to the class certification analysis here are clarified by the Ninth Circuit, which Defendant will argue is, at a minimum, highly persuasive to the Court's analysis here

## ARGUMENT

### I.    The Court has inherent authority to stay proceedings.

This Court possesses the inherent power to control the disposition of cases on its docket, allowing it to manage proceedings for the sake of judicial economy. *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936) ("A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants.").

In exercising this discretion, the Court "must weigh competing interests and maintain an even balance." *Id.*, 299 U.S. at 254-55. Relevant factors include the benefits of a stay for the Court (e.g. judicial economy) and any potential prejudice to each party.

## II.    A stay promotes judicial economy and prevents inconsistent outcomes.

This action is virtually identical to *Myers*, which is currently pending in the Northern District of California (and now on appeal in the Ninth Circuit). Both cases challenge Defendant Sazerac Company, Inc.'s labeling and marketing of its miniature "Fireball" alcoholic beverages, alleging consumer deception. In particular, both complaints allege that the packaging and appearance of Defendant's malt-based "Fake Fireball" product are ***substantially identical*** to those of its "True Fireball Whisky," misleading consumers into believing they are purchasing a distilled spirit when they are actually buying a lower-potency malt beverage.

The *Myers* case is now at a critical juncture: on July 31, 2025, the Ninth Circuit granted Defendant Sazerac's Rule 23(f) petition for permission to appeal the district court's order granting class certification. As a result, the Ninth Circuit will soon be reviewing fundamental class certification issues involving the same product and the appropriate methodology to calculate damages attributed to the alleged misconduct at issue here. This development makes a stay of this case especially appropriate for several reasons:

**Avoiding Duplicative Litigation and Inconsistent Rulings**. Federal courts operate under a strong presumption favoring the forum of the *first-filed* suit when related actions involve overlapping issues and parties. *Parker v. Sirius XM Radio, Inc.*, No. 8:15-cv-1710-T-30EAJ, 2015 U.S. Dist. LEXIS 170624, at *4-6 (M.D. Fla. Dec. 22, 2015) ("Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit.") (quoting *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005)).

3

As such, it is routine for courts to stay later-filed class actions in favor of earlier, substantially similar actions to prevent duplicative proceedings and conflicting rulings. *Parker*, 2015 U.S. Dist. LEXIS 170624, at *4-5 ("Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit") (quoting *Manuel*, 430 F.3d at 1135).

Here, the *Myers* appeal will address fundamental class certification questions regarding the very same product and the measurement of damages attributed to the same alleged deceptive practices at issue in this case. As recognized in *Parker*, "staying this case until the [*Myers*] court resolves the plaintiff's motion for class certification is appropriate." *Id.* at *5.

**Clarity on Key Legal Issues**: The Ninth Circuit's decision in *Myers* will directly address—and likely resolve—crucial legal questions related to class certification for this product and these claims. The appellate ruling will provide persuasive guidance that could simplify, narrow, or even eliminate certain issues that this Court would otherwise need to decide. *Perkins v. Chipotle Mexican Grill Inc.*, No. 08-03002, 2008 U.S. Dist. LEXIS 146473, at *26 (C.D. Cal. Nov. 5, 2008) ("The Ninth Circuit's decision may also help to narrow and clarify the issues involved in plaintiffs' claim that Chipotle failed properly to implement the policy."). In short, it would be wasteful to litigate those issues now when the forthcoming Ninth Circuit decision may clarify or obviate them entirely. *Id.*, at *24 (agreeing "that staying this case pending the Ninth Circuit's decision on appeal will serve the interests of judicial economy" where the "complaint implicates several questions of law currently before the Ninth Circuit in the first related case").

**Conservation of Resources**: Proceeding with discovery and class certification briefing in this case while the Ninth Circuit's review is pending would require a needless expenditure of time and resources by both the parties and the Court. For instance, if the Ninth Circuit ultimately reverses or modifies the class certification order in *Myers*, that decision has the potential to persuasively alter the landscape for this nearly identical action. Much of the effort expended here in the interim might prove to be unnecessary, whereas a pause now will ensure that the parties litigate without the cloud of a pending and uncertain appeal regarding key issues.

## III.   Minimal prejudice to the parties and significant benefit to the Court.

Denying a stay would risk substantial prejudice to Plaintiff and Defendant. Without a stay, the parties would be forced to engage in duplicative discovery and class certification practice in multiple courts simultaneously while the Ninth Circuit is reviewing key issues. There is also a serious risk of inconsistent pretrial rulings if this Court and the *Myers* court (or others) address the same class certification and merits issues on different timelines. A stay prevents Defendant from being subjected to these inconsistent obligations and rulings in parallel proceedings.

## CONCLUSION

In light of the substantial overlap between this case and *Myers*, the impending clarity to be gained from the Ninth Circuit's review of the Rule 23(f) appeal in that case, Plaintiff submits that staying all proceedings is the most prudent course. A stay will promote judicial economy, avoid inconsistent outcomes, and conserve the resources of both the Court and the parties.

**WHEREFORE,** Plaintiff respectfully requests that this Court stay all proceedings in this action pending the Ninth Circuit Court of Appeals' resolution of the Rule 23(f) appeal in *Myers*.

## Local Rule 3.01(g) Certification

Pursuant to Middle District of Florida Local Rule 3.01(g), counsel for Plaintiff certifies that they have conferred with counsel for Defendant regarding this Motion, and Defendant opposes the relief requested herein.

Dated: August 12, 2025                                   Respectfully Submitted,

**GOLD LAW, PA**

*/s/ Christopher Gold*
Christopher Gold
Florida Bar No. 088733
350 Lincoln Rd., 2nd Floor
Miami Beach, FL 33139
Tel: 305-900-4653
chris@chrisgoldlaw.com

*Counsel for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 12, 2025, the foregoing was electronically filed with the Clerk of Court, which will send a notice of electronic filing to all counsel of record.

*/s/ Christopher Gold*
Christopher Gold