```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

VICTOR PUIG, individually and
on behalf of all others
similarly situated,

      Plaintiff,

  v.                              Case No.:  2:23-cv-00856-JES-NPM

SAZERAC COMPANY, INC.,

      Defendant,
_____

## OPINION AND ORDER

This matter comes before the Court on review of Plaintiff Victor Puig's (Plaintiff or Puig) motion to stay (Doc. #60) filed on August 12, 2025. Defendant Sazerac Company, Inc. (Defendant or Sazerac) filed a Response in Opposition (Doc. #61) on August 19, 2025. For the reasons set forth below, the motion is denied without prejudice.

Some brief procedural history is fruitful. In September 2024, after three rounds of motions to dismiss, the parties filed a case management report suggesting March 26, 2025, as the deadline for moving for class certification and for serving Rule 26 expert disclosures. (Doc. #43.) The assigned magistrate judge entered a case management and scheduling order adopting that deadline. (Doc. #45.) When March came, Plaintiff moved unopposed to extend those deadlines by ninety days. (Doc. #52.) The request was granted. (Doc. #53.) When that deadline approached, Plaintiff moved for an

-1-

unopposed "additional and <u>final</u> extension of the deadlines related to class certification and expert disclosures," requesting an additional forty-five days. (Doc. #55, p. 2.) The request was granted. (Doc. #56.)

Two days before the deadline, Plaintiff again moved for a 45-day extension but this time it was opposed. (Doc. #58.) Good cause existed for yet another extension, Plaintiff asserted, because he had "believed" the case would settle and "assumed" Defendant would agree to another extension if the case did not settle, dissipating the need to "expend[] further resources . . . to meet those deadlines . . . ." (<u>Id.</u> ¶¶ 5, 10.) Plaintiff mentioned in passing that the Ninth Circuit had granted permission to appeal a class certification in a related case. (<u>Id.</u> ¶ 6.) Finding that "[f]oregoing work in the hopes of a resolution does not meet" Rule 16's good cause standard, the assigned magistrate judge denied Plaintiff's third request to extend the deadlines. (Doc. #59.)

Plaintiff now moves to stay all proceedings in this case pending the Ninth Circuit's resolution of the class certification issue in the related case. (Doc. #60.) He argues that the Ninth Circuit will resolve "fundamental class certification questions" and "key legal issues" "that could simplify, narrow, or even eliminate certain issues that this Court would otherwise need to decide." (<u>Id.</u> at p. 4.) Plaintiff never identifies what those issues or questions are. Nor his position on those issues or

questions. By the same token, Plaintiff never discusses the dominant factor courts analyze when considering stays—whether the movant is likely to prevail on the issue. See Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986). Defendant, who is the same party arguing before the Ninth Circuit, avers that the issue there is narrow and that it will not apply here. (Doc. #61.) Further, Defendant asserts that a global mediation is scheduled to take place in less than two months and "[t]he absence of any expert disclosures or class certification motion in this case will make it difficult to analyze the settlement value of this litigation and will greatly complicate efforts at a mediated resolution." (Id. at p. 3.)

"The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken v. Holder, 556 U.S. 418, 433–34 (2009). Plaintiff has failed to carry that burden.

Accordingly, it is now

**ORDERED:**

1. Victor Puig's motion to stay (Doc. #60) is **DENIED without prejudice**.

2. Plaintiff has until **September 1, 2025,** to file a motion for class certification and to complete his Rule 26 expert disclosures. No extension will be granted. All other

- 4 -

provisions of the Court's current scheduling orders remain in effect.

**DONE AND ORDERED** at Fort Myers, Florida, this ___21st___ day of August 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE